1  JAMES F. MURDICA (SBN 315412)
     *JMurdica@btlaw.com*
2  SANDRA M. KO (SBN 260863)
     *SKo@btlaw.com*
3  **BARNES & THORNBURG LLP**
4  2029 Century Park East, Suite 300
   Los Angeles, California  90067
5  Telephone:   (310) 284-3880
   Facsimile:   (310) 284-3894
6
7  Attorneys for Defendant
   JOHNSON & JOHNSON CONSUMER INC.
8  (erroneously sued as JOHNSON & JOHNSON
   CONSUMER, INC.)
9
               **UNITED STATES DISTRICT COURT**
10      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
11

12  ELIZABETH BODLE,                        Case No. 3:21-CV-07742-EMC

13             Plaintiff,                   **DEFENDANT JOHNSON & JOHNSON
                                            CONSUMER INC.'S NOTICE OF MOTION
14  v.                                      AND MOTION TO DISMISS PLAINTIFF'S
                                            AMENDED COMPLAINT;
15  JOHNSON & JOHNSON CONSUMER,             MEMORANDUM OF POINTS AND
    INC.                                    AUTHORITIES IN SUPPORT THEREOF**
16
               Defendant.                   *[Filed Concurrently With [Proposed] Order]*
17
18                                          Judge:          Hon. Edward M. Chen
                                            Hearing Date:   February 24, 2022
19                                          Hearing Time:   1:30 p.m.
                                            Courtroom:      5
20
21
22
23
24
25
26
27
28

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2

**PLEASE TAKE NOTICE** that on February 24, 2022 at 1:30 p.m., or as soon thereafter

3   as the matter can be heard, by video conference or in-person as directed by the Court, in the

4   courtroom of the Hon. Edward M. Chen, Courtroom 5 of the above-entitled Court, located at 450

5   Golden Gate Avenue, San Francisco, California 94102, Defendant Johnson & Johnson

6   Consumer Inc. (erroneously sued as "Johnson & Johnson Consumer, Inc.") ("JJCI") will and

7   hereby does move this Court to dismiss this action, with prejudice.

8

JJCI's Motion is made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

9   Civil Procedure on the following grounds:

10       (1)     Plaintiff lacks standing to assert nationwide class claims under California law on

11              behalf of unidentified putative class members in states outside California and

12              lacks standing to assert class claims under the laws of other states;

13       (2)     Plaintiff lacks standing to represent the putative class because she does not

14              plausibly allege a legally cognizable injury that is fairly traceable to JJCI;

15       (3)     Plaintiff lacks standing to represent the putative class for alleged injuries from

16              sunscreen products that she did not actually use or purchase, as she admits that

17              the product she allegedly purchased is not the same as the sunscreen products

18              allegedly purchased by the putative class members;

19       (4)     Plaintiff's unjust enrichment claims fail because Plaintiff lacks standing to seek

20              equitable relief and also has not demonstrated that an adequate remedy at law is

21              unavailable;

22       (5)     Plaintiff's failure to plead an injury—an essential element of each individual and

23              class claim—warrants dismissal of the Amended Complaint in its entirety under

24              Rule 12(b)(6);

25       (6)     Plaintiff's claims for fraud (intentional misrepresentation and concealment) and

26              negligent misrepresentation fail to meet the heightened pleading standards under

27              Rule 9(b);

28       (7)     Plaintiff fails to state claims for violation of California's Unfair Competition Law,

-1-

1    Consumers Legal Remedies Act, and False Advertising Law;

2    (8)    Plaintiff fails to state claims for breach of warranty because Plaintiff does not

3    specify the terms of the alleged warranty and lacks privity with JJCI;

4    (9)    Plaintiff's medical monitoring claims fail because Plaintiff's underlying tort

5    claims fail, and also because Plaintiff has not established that medical monitoring

6    damages are necessary or reasonable; and

7    (10)    Plaintiff fails to state a claim for punitive damages because she does not plausibly

8    allege any facts demonstrating malice, oppression, or fraud by JJCI.

9    JJCI's Motion is based on this Notice of Motion and Motion to Dismiss, the

10   accompanying Memorandum of Points and Authorities, Plaintiff's Amended Complaint, all

11   other pleadings and papers on file in this action, any other matters upon which the Court may

12   take judicial notice, any oral argument presented at the hearing on this Motion, and any and all

13   materials the Court deems proper.

14   Dated:  December 20, 2021                     **BARNES & THORNBURG LLP**

15

16                                               By:  _/s/ Sandra M. Ko_

17                                               James F. Murdica
                                                 Sandra M. Ko
18                                               Attorneys for Defendant
                                                 JOHNSON & JOHNSON CONSUMER
19                                               INC.

20

21

22

23

24

25

26

27

28

-2-
DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINITFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1

# **TABLE OF CONTENTS**

2

**Page**

3  I.       INTRODUCTION ................................................................................................ 1

4  II.      RELEVANT PROCEDURAL AND FACTUAL BACKGROUND................................ 2

5          A.      Procedural History. ................................................................................ 2

6          B.      Claims Asserted and Relief Sought in the Amended Complaint. ........................... 3

7  III.     LEGAL STANDARD ........................................................................................... 4

8  IV.      PLAINTIFF LACKS STANDING TO ASSERT PUTATIVE CLASS CLAIMS............. 5

9          A.      Plaintiff Cannot Assert Nationwide Claims. ........................................................ 5

10                 1.      Plaintiff, a California Resident, Cannot Represent Putative Class
                           Members Whose Claims Fall Under Other States' Laws. ......................... 5

11                 2.      Claims Under California Law on Behalf of the Nationwide Class Fail....... 6

12                         a.      Plaintiff Cannot Assert Nationwide Consumer Protection Claims. . 6

13                         b.      Plaintiff Cannot Assert Nationwide Fraud Claims.......................... 7

14                         c.      Plaintiff Cannot Assert Nationwide Breach of Warranty Claims. ... 7

15         B.      Plaintiff Lacks Article III Standing Because She Does Not Plausibly Allege a
                   Cognizable Injury That is Fairly Traceable to JJCI. ................................................ 8

16

17                 1.      Plaintiff Fails to Plead Purchase or Use of a Contaminated Sunscreen....... 8

18                 2.      Plaintiff Cannot Allege an Injury from Products She Did Not Purchase..... 9

19                 3.      Plaintiff Cannot Assert Claims for Injuries That She Did Not Sustain. .... 11

20                 4.      Plaintiff Fails to Allege Injuries Traceable to JJCI. ................................. 11

21         C.      Plaintiff Lacks Standing to Pursue Injunctive Relief. ............................................ 12

22                 1.      Plaintiff Has Not Alleged That She Will Suffer Any Future Harm. .......... 12

23                 2.      Equitable Relief Is Improper Where an Adequate Remedy at Law Exists. 13

24  V.      PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW. ....................................... 13

25         A.      Plaintiff Fails to Allege a Cognizable Injury and Therefore Cannot Establish
                   an Essential Element of Each Cause of Action. ..................................................... 13

26

27         B.      Plaintiff's Claims for Fraud (Seventh and Eighth Causes of Action) Fail to
                   Meet the Requisite Heightened Pleading Standard. ............................................... 14

28         C.      Plaintiff Does Not Plausibly State Claims for Negligent Misrepresentation

-i-

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

(Ninth Cause of Action). ........................................................................... 17

D.    Plaintiff's Consumer Protection Claims Under the UCL, FAL, and CLRA
      (Tenth, Eleventh, and Twelfth Causes of Action) Fail as a Matter of Law. .......... 18

E.    The Medical Monitoring Claims (Fifth Cause of Action) Should Be Dismissed
      Because All Underlying Tort Claims Fail, and Plaintiff Fails to Establish
      Necessary and Reasonableness to Warrant Medical Monitoring Damages. .......... 20

F.    Plaintiff's Breach of Warranty Claims (Sixth Cause of Action) Also Fail. .......... 22

G.    Plaintiff's Unjust Enrichment Claims (Fourteenth Cause of Action) Should Be
      Dismissed Because an Adequate Remedy at Law Is Available. ........................... 24

H.    Plaintiff Alleges No Plausible Facts To Support Her Punitive Damages Request. 24

VI.   CONCLUSION ................................................................................................ 25

-ii-

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINITFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ach v. Finkelstein*,
5
   264 Cal. App. 2d 667 (1968) ............................................................................................... 14

6

*Aguirre v. Wells Fargo Bank, N.A.*,
7
   2015 WL 4065245 (C.D. Cal. July 2, 2015) ...................................................................... 15

8

*Anderson v. Deloitte & Touche*,
   56 Cal. App. 4th 1468 (1997) ............................................................................................ 14

9

*Anderson v. Owens-Corning Fiberglas Corp.*,
10
   53 Cal. 3d 987 (Cal. 1991) ................................................................................................ 13

11

*Angie M. v. Sup. Ct.*,
   37 Cal. App. 4th 1217 (1995) ....................................................................................... 24, 25
12

13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 5, 24

14

*Avila v. Willits Envtl. Remediation Tr.*,
15
   2009 WL 1813125 (N.D. Cal. June 18, 2009) .................................................................... 9

16

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ............................................................................................... 5
17

18

*Bem v. Stryker Corp.*,
   2015 WL 6089819 (N.D. Cal. Oct. 16, 2015) .............................................................. 22, 23

19

*Blennis v. Hewlett-Packard Co.*,
20
   2008 WL 818526 (N.D. Cal. Mar. 25, 2008) ............................................................... 14, 22

21

*Bouncing Angels, Inc. v. Burlington Ins. Co.*,
   2017 WL 1294004 (C.D. Cal. Mar. 20, 2017) .................................................................. 24
22

23

*Cadena v. Am. Honda Motor Co.*,
   2019 WL 3059931 (C.D. Cal. May 29, 2019) .................................................................... 7

24

*Cisco Sys., Inc. v. STMicroelecs., Inc.*,
25
   77 F. Supp. 3d 887 (N.D. Cal. 2014) ............................................................................... 13

26

*Clorox Co. v. Reckitt Benckiser Grp. PLC*,
   398 F. Supp. 3d 623 (N.D. Cal. 2019) ............................................................................. 20

27

*Darisse v. Nest Labs, Inc.*,
28
   2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) ................................................................... 7

-iii-

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

*Deitz v. Comcast Corp.*,
     2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ........................................................................ 12

*Falk v. Nissan N. Am., Inc.*,
     2018 WL 2234303 (N.D. Cal. May 16, 2018) ......................................................................... 13

*Fox v. Pollack*,
     181 Cal. App. 3d 954 (1986) .................................................................................................. 14

*Ghalehtak v. Fay Serv., LLC*,
     304 F. Supp. 3d 877 (N.D. Cal. 2018) (Chen, J.) .............................................................. 16, 17

*Glenn v. Hyundai Motor Am.*,
     2016 WL 3621280 (C.D. Cal. June 24, 2016) ......................................................................... 7

*Grodzitsky v. Am. Honda Motor Co.*,
     2013 WL 690822 (C.D. Cal. Feb. 19, 2013) ........................................................................... 15

*Herskowitz v. Apple Inc.*,
     940 F. Supp. 2d 1131 (N.D. Cal. 2013) (Chen, J.) .................................................................. 9

*Hodgers-Durgin v. de la Vina*,
     199 F. 3d 1037 (9th Cir. 1999) ............................................................................................... 13

*In re: Johnson & Johnson Aerosol Sunscreen Marketing, Sales Practices and
     Products Liability Litigation*,
     MDL No. 3015 .......................................................................................................................... 3

*Jones v. Micron Technology, Inc.*,
     400 F. Supp. 3d 897 (N.D. Cal. 2019) ................................................................................. 5, 6

*Joslin v. Clif Bar & Co.*,
     2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) .................................................................. 12, 13

*Kelley v. Corr. Corp. of Am.*,
     750 F. Supp. 2d 1132 (E.D. Cal. 2010) .................................................................................. 24

*Kellholtz v. Sup. Fireplace Co.*,
     2009 WL 839076 (N.D. Cal. Mar. 30, 2009) .......................................................................... 19

*Kennedy v. Baxter Healthcare Corp.*,
     43 Cal. App. 4th 799 (1996) ..................................................................................................... 5

*Kisesky v. Carpenters' Trust for So. Cal.*,
     144 Cal. App. 3d 222 (1983) ................................................................................................... 25

*Kwikset Corp. v. Sup. Ct.*,
     51 Cal. 4th 310 (2011) ............................................................................................................ 18

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-iv-

*Lazar v. Sup. Ct.*,
    12 Cal. 4th 631 (1996) ................................................................................. 15

*Lewis v. Casey*,
    518 U.S. 343 (1996) ..................................................................................... 11

*Lockheed Martin Corp. v. Super. Ct.*,
    29 Cal. 4th 1096 (2003) .............................................................................. 20

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................................... 8, 9

*Mandani v. Volkswagen Grp. of Am., Inc.*,
    2019 WL 65286 (N.D. Cal. 2019) ............................................................... 13

*Mazza v. Am. Honda Motor Co.*,
    666 F. 3d 581 (9th Cir. 2012) ........................................................................ 7

*Mlejnecky v. Olympus Imaging Am. Inc.*,
    2011 WL 1497096 (E.D. Cal. Apr. 19, 2011) ............................................... 9

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017) ...................................................... 13

*Neu v. Terminix Int'l, Inc.*,
    2008 WL 962096 (N.D. Cal. Apr. 8, 2008) ................................................. 19

*Otto v. Abbott Labs. Inc.*,
    2014 WL 12591475 (C.D. Cal. Apr. 22, 2014) ........................................... 18

*Peterson v. Cellco P'ship*,
    164 Cal. App. 4th 1583 (2008) .................................................................... 14

*Phan v. Sargento Foods, Inc.*,
    2021 WL 2224260 (N.D. Cal. June 2, 2021) (Chen, J.) .............................. 5, 6

*Phillips v. Ford Motor Co.*,
    2015 WL 4111448 (N.D. Cal. July 7, 2015) ............................................... 24

*Potter v. Firestone Tire & Rubber Co.*,
    6 Cal. 4th 965 (1993) ..................................................................... 14, 20, 21

*Riva v. Pepsico, Inc.*,
    82 F. Supp. 3d 1045 (N.D. Cal. 2015) (Chen, J.) ........................... 12, 20, 21, 22

*Romo v. Wells Fargo Bank, N.A.*,
    2016 WL 3523779 (N.D. Cal. June 28, 2016) (Chen, J.) ......................... 17, 18

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................... 7

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-v-

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

*Senne v. Kansas City Royals Baseball Corp.*,
   114 F. Supp. 3d 906 (N.D. Cal. 2015) ................................................................................ 11

*Shum v. Intel Corp.*,
   630 F. Supp. 2d 1063 (N.D. Cal. 2009) ............................................................................... 24

*Sloan v. Gen'l Motors LLC*,
   2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) (Chen, J.) ........................................................ 5

*Smith v. LG Electronics U.S.A., Inc.*,
   2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ................................................................ 22, 23

*Smith v. Sup. Ct.*,
   10 Cal. App. 4th 1033 (1992) .............................................................................................. 25

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) .......................................................................... 5, 15

*Steroid Hormone Prod. Cases*,
   181 Cal. App. 4th 145 (2010) .............................................................................................. 18

*Stickrath v. Globalstar, Inc.*,
   527 F. Supp. 2d 992 (N.D. Cal. 2007) ................................................................................ 13

*Sultanis v. Champion Petfoods USA Inc.*,
   2021 WL 3373934 (N.D. Cal. Aug. 3, 2021) ........................................................................ 6

*Swearingen v. Late July Snacks LLC*,
   2017 WL 4641896 (N.D. Cal. Oct. 16, 2017) (Chen, J.) ...................................................... 19

*Tabler v. Panera LLC*,
   2019 WL 5579529 (N.D. Cal. Oct. 29, 2019) ...................................................................... 10

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir. 1996) ................................................................................................. 5

*Victorino v. FCA US LLC*,
   326 F.R.D. 282 (S.D. Cal. 2018) ........................................................................................... 7

*Vinci v. Hyundai Motor Am.*,
   2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) .................................................................... 7, 8

*Warren v. Fox Family Worldwide, Inc.*,
   328 F. 3d 1136 (9th Cir. 2003) .............................................................................................. 5

*Watkins v. MGA Entm't, Inc.*,
   2021 WL 5865529 (N.D. Cal. Dec. 10, 2021) ...................................................................... 19

*Whitmore v. Ark.*,
   495 U.S. 149 (1990) ............................................................................................................... 8

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

*Whittlestone, Inc. v. HandiCraft Co.*,
    618 F.3d 970 (9th Cir. 2010)................................................................................... 24

**Statutes**

Cal. Bus. & Prof. Code § 17204 ............................................................................... 14

Cal. Bus. & Prof. Code § 17535 ......................................................................... 14, 18

Cal. Civ. Code § 1770 ............................................................................................... 19

Cal. Civ. Code § 1780(a) .......................................................................................... 18

Cal. Civ. Code §1780(a)(1)....................................................................................... 14

Cal. Civ. Code § 1782(a)(1) ..................................................................................... 19

Cal. Civ. Code § 3294(a) .......................................................................................... 24

Cal. Civ. Code § 3294(c)(1) ...................................................................................... 24

Cal. Civ. Code § 3294(c)(3) ...................................................................................... 14

California's Unfair Competition Law ......................................................................... 2

Consumers Legal Remedies Act, Cal. Civil Code § 1750 ............................... *passim*

False Advertising Law, Cal. Bus. & Prof. Code § 17500 ................................ *passim*

Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ............................. *passim*

**Other Authorities**

Fed. R. Civ. P. 8(a)................................................................................................ 2, 5

Fed. R. Civ. P. 9(b) .......................................................................................... *passim*

Fed. R. Civ. P. 12(b)(1)................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)................................................................................... *passim*

Fed. R. Civ. P. 23 ................................................................................................. 4, 6

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTITFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1  ## I.  **INTRODUCTION**

2  Plaintiff Elizabeth Bodle has brought a type of lawsuit that is nearly universally rejected—

3  a class action seeking recovery for alleged personal injuries.  Plaintiff asserts claims both

4  individually and on behalf of a putative nationwide class of unnamed individuals who allegedly

5  experienced undefined personal injuries resulting from their purported use of unidentified

6  Neutrogena® sunscreens.  Fundamentally, this action is nothing more than an improper attempt to

7  convert Plaintiff's individual claim for her own alleged personal injuries into a class action—even

8  though the putative class members experienced no injury.  While Plaintiff claims that she developed

9  acute myeloid leukemia ("AML") allegedly resulting from her sunscreen use, she does not identify

10  any actual injuries experienced by the putative class beyond broad assertions of "harm," "personal

11  injuries" and "other forms of cancer."  Plaintiff pleads no facts to demonstrate that she has standing

12  to bring this action or to plausibly state the claims asserted individually and on behalf of the putative

13  class.  Accordingly, the Amended Complaint should be dismissed for four overarching reasons:

14  *First*, Plaintiff does not plausibly allege a cognizable injury on behalf of the putative class

15  that is fairly traceable to Johnson & Johnson Consumer Inc. ("JJCI").[1]  Not only does she fail to

16  allege that she (or any of the putative class members) actually purchased or used any Neutrogena®

17  sunscreen products that contained benzene, but she also fails to specify what "harm" or "personal

18  injuries" that the putative class allegedly experienced or identify a causal link between those

19  unspecified injuries and JJCI's purported conduct.  Without a legally cognizable injury traceable to

20  JJCI, Plaintiff's claims should be dismissed (1) pursuant to Rule 12(b)(1) for lack of Article III

21  standing to assert claims on behalf of the putative class; and (2) pursuant to Rule 12(b)(6) for failure

22  to establish an essential element (*i.e.*, injury/damages) of each individual and class claim.

23  *Second*, Plaintiff claims that she and the putative class purchased various Neutrogena®

24  sunscreen products, but does not identify the actual products at issue—other than a single

25  Neutrogena® sunscreen product that Plaintiff allegedly purchased.  However, Plaintiff admits that

26

27  ---

[1] Plaintiff abbreviates the name of Defendant Johnson & Johnson Consumer Inc. as "Johnson & Johnson" in her Amended Complaint.  *See* Dkt. 17, p. 2 at lines 4-5.  However, Johnson & Johnson is a separate and distinct company from Johnson & Johnson Consumer Inc., which is referred to as "JJCI" throughout this Motion.

28

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1   the sunscreen product that she purchased is ***not*** the same as "the other Sunscreens purchased by the

2   Class." Plaintiff cannot assert claims for injuries from sunscreen products that she did not actually

3   purchase, and those claims should be dismissed under Rule 12(b)(6).

4          ***Third***, Plaintiff is a California resident seeking to represent a putative nationwide class, but

5   can sue only under the laws of the state where she resides, was allegedly injured, or purportedly

6   purchased the products at issue—*i.e.*, California. Plaintiff lacks standing to represent unidentified

7   class members in other states. Moreover, Plaintiff cannot assert claims under the laws of other

8   states, and due to material differences in state laws, Plaintiff's warranty claims (Sixth Cause of

9   Action), fraud-based claims (Seventh, Eighth, and Ninth Causes of Action), and consumer

10  protection claims (Tenth, Eleventh, and Twelfth Causes of Action) cannot be asserted as nationwide

11  claims. As such, Plaintiff's claims on behalf of the putative nationwide class should be dismissed

12  under Rule 12(b)(1) and/or 12(b)(6).

13         ***Finally***, Plaintiff's claims fail for independent reasons. Plaintiff's warranty claims (Sixth

14  Cause of Action), fraud-based claims (Seventh, Eighth, and Ninth Causes of Action), consumer

15  protection claims (Tenth, Eleventh, and Twelfth Causes of Action), and request for punitive

16  damages all fail to meet the applicable pleading standards under Rules 8(a) and 9(b). Plaintiff's

17  medical monitoring claims (Fifth Cause of Action) fail because Plaintiff has not established that

18  medical monitoring damages are necessary or reasonable, and medical monitoring damages are

19  derivative to Plaintiff's underlying tort claims, which all fail as a matter of law. The unjust

20  enrichment claims (Thirteenth Cause of Action) also fail because Plaintiff lacks standing to seek

21  equitable relief and has not demonstrated that an adequate remedy at law is unavailable.

22  **II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

23         **A.    Procedural History.**

24         On October 4, 2021, Plaintiff filed her initial Class Action Complaint against JJCI, asserting

25  claims under California's Unfair Competition Law ("UCL"), Consumers Legal Remedies Act

26  ("CLRA"), and False Advertising Law ("FAL"), and a claim for unjust enrichment/quasi-contract,

27  seeking recovery for economic losses. *See* Complaint, Dkt. 1 ("Compl."). Plaintiff defined the

28  putative class as "[a]ll consumers who purchased any lotion or spray Sunscreen in the United States

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

for personal use or consumption." *Id.* at ¶ 45.  The Class Action Complaint did not assert any claims for personal injuries, nor did it allege that Plaintiff or any putative class member experienced any personal injuries resulting from their sunscreen use.

On October 15, 2021, the Clerk of the Judicial Panel on Multidistrict Litigation ("JPML") entered a Conditional Transfer Order ("CTO"), conditionally transferring the instant action to the multidistrict litigation, *In re: Johnson & Johnson Aerosol Sunscreen Marketing, Sales Practices and Products Liability Litigation*, MDL No. 3015, pending in the Southern District of Florida ("MDL").  No. 3:21-cv-07742, Dkt. 1 (J.P.M.L. Oct. 15, 2021).  Plaintiff subsequently filed a Notice of Opposition to the CTO, and a briefing schedule was set for Plaintiff's Motion to Vacate due by November 5, 2021. *Id.* at Dkt. 4.  On November 5, 2021, Plaintiff withdrew her objection to the conditional transfer of this case to the MDL, and filed the Amended Complaint, asserting new, previously undisclosed personal injury claims and seeking to assert them on behalf of a class of individuals who allegedly purchased and used unidentified products and sustained unidentified injuries. *See* Amended Complaint, Dkt. 17 ("Am. Compl.").  Following Plaintiff's amendment, the JPML determined that a review of the Amended Complaint would be necessary to determine whether this case should remain on the CTO, and vacated the CTO on November 15, 2021.   No. 3:21-cv-07742, Dkt. 11 (J.P.M.L. Nov. 15, 2021).

**B.    Claims Asserted and Relief Sought in the Amended Complaint.**

Plaintiff now seeks to certify a nationwide class of consumers, requesting relief for (1) personal injury, (2) economic injury, and (3) medical monitoring.  In the Amended Complaint, Plaintiff asserts claims individually and on behalf of the putative class for Negligence (First Cause of Action), Negligent Failure to Warn (Second Cause of Action), Strict Liability – Design Defect (Third Cause of Action), Strict Liability – Failure to Warn (Fourth Cause of Action), Medical Monitoring (Fifth Cause of Action), Breach of Warranty (Sixth Cause of Action), Fraud – Intentional Misrepresentation (Seventh Cause of Action), Fraud – Concealment (Eighth Cause of Action), Negligent Misrepresentation (Ninth Cause of Action), Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (Tenth Cause of Action), Violations of the Consumers Legal Remedies Act, Cal. Civil Code § 1750 (Eleventh Cause of Action), Violations of

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-3-

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1 the False Advertising Law, Cal. Bus. & Prof. Code § 17500 (Twelfth Cause of Action), and Unjust

2 Enrichment (Thirteenth Cause of Action).

3       In the Amended Complaint, Plaintiff alleges that she purchased various Neutrogena®

4 sunscreen products, but actually identifies only one: Ultra Sheer Dry-Touch Water Resistant

5 Sunscreen Lotion SPF 70.  Am. Compl. ¶¶ 1, 38.  She contends that she was "recently diagnosed"

6 with AML, and that, "[u]pon information and belief, Plaintiff's use of the Sunscreen products was

7 the sole cause or a substantial factor in causing her cancer." *Id.* at ¶¶ 1, 70.  Plaintiff does not,

8 however, allege when or from whom she purchased the sunscreen, the amount of sunscreen she

9 allegedly used, or the duration or frequency of her alleged purchase and/or use.

10       In addition to her individual claims, Plaintiff—a California resident—seeks to assert claims

11 on behalf of a nationwide class of "[a]ll consumers who purchased any lotion or spray Sunscreen

12 manufactured by ***[JJCI] or its subsidiaries*** in the United States for personal use or consumption

13 and suffered personal injury as a result." *Id.* at ¶ 45.  Notably, although Plaintiff initially pleads

14 that other consumers may also have developed AML "or other forms of cancer" following use of

15 the products (*id.* at ¶ 35), Plaintiff's class definition is broader and encompasses ***any*** personal injury

16 resulting from use of any sunscreen product manufactured by any subsidiary of JJCI (*id.* at ¶ 45).

17       Plaintiff further contends that she and members of the putative class are now at an increased

18 risk of developing "latent illness and disease, including but not limited to cancer,." *Id.* at ¶ 101.  As

19 a result, Plaintiffs seeks compensatory and punitive damages, injunctive relief (*id.* at ¶ 4), and "a

20 Court-supervised and administered trust fund and medical monitoring regime to compensate

21 Plaintiff and members of the putative Class for their economic damages" (*id.* at ¶ 103).

22 **III.**    **LEGAL STANDARD**

23       JJCI brings this Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and

24 12(b)(6).[2]  The Court should dismiss a complaint, pursuant to Rule 12(b)(1), where the face of the

---

26 [2] JJCI does not challenge class certification in this Motion, but contends that a personal injury class
27 action is inappropriate under Rule 23 because "[a] 'mass accident' resulting in injuries to numerous
persons is ordinarily not appropriate for a class action because of the likelihood that significant
questions, not only of damages but of liability and defenses of liability, would be present, affecting
28 the individuals in different ways."  Fed. R. Civ. P. 23 Advisory Committee's Supplemental Note.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1   complaint fails to demonstrate a basis for standing.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.

2   3d 1136, 1139 (9th Cir. 2003); Fed. R. Civ. P. 8(a), 12(b)(1).  "Standing is a 'threshold matter' that

3   is necessary to establish subject matter jurisdiction."  *Sloan v. Gen'l Motors LLC*, 2017 WL

4   3283998, at \*3 (N.D. Cal. Aug. 1, 2017) (Chen, J.).  To survive a motion to dismiss under Rule

5   12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to

6   relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

7   Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  Dismissal is appropriate where the complaint

8   suffers from "the lack of a cognizable legal theory or the absence of sufficient facts alleged under

9   a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10  **IV.   PLAINTIFF LACKS STANDING TO ASSERT PUTATIVE CLASS CLAIMS.**

11         **A.    Plaintiff Cannot Assert Nationwide Claims.**

12         A named plaintiff seeking to represent a putative class can sue only under the laws of the

13  state where she resides, was injured, or purchased the products at issue.  *Jones v. Micron

14  Technology, Inc.*, 400 F. Supp. 3d 897, 908-09 (N.D. Cal. 2019).  Here, Plaintiff alleges that she is

15  a resident of California, but does not allege that she purchased any product or was injured outside

16  of California.  Am. Compl. ¶ 38.  Nevertheless, she seeks to represent a class of individuals across

17  the United States and to assert claims under the laws of states where she admittedly does not reside.

18                1.   Plaintiff, a California Resident, Cannot Represent Putative Class Members

19                     Whose Claims Fall Under Other States' Laws.

20         This Court recently examined the question of whether a California resident named plaintiff

21  lacked standing to "represent unnamed class members in states outside of California."  *Phan v.

22  Sargento Foods, Inc.*, 2021 WL 2224260, at \*13-14 (N.D. Cal. June 2, 2021) (Chen, J.).  The Court

23  ─────────────

24  "[C]lass action certifications and products liability cases in this circuit . . . has not been luminous."
    *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1230 (9th Cir. 1996).  Class actions for personal

25  injuries "present a multitude of problems" because "[t]he major elements in tort actions for personal
    injury—liability, causation, and damages—may vary widely from claim to claim, creating a wide

26  disparity in claimants' damages and issues of defendant liability, proximate cause, liability of
    skilled intermediaries, comparative fault, informed consent, assumption of risk and periods of

27  limitation." *Kennedy v. Baxter Healthcare Corp.*, 43 Cal. App. 4th 799, 810 (1996).  In *Stearns v.
    Select Comfort Retail Corp.*, the Court "noted the inherent difficulty of maintaining a class action

28  arising from alleged personal injuries."  763 F. Supp. 2d 1128, 1133, 1159 (N.D. Cal. 2010).

1    exercised its discretion to dismiss the nationwide class claims because the named plaintiff could

2    not represent unidentified class members in states outside California.  *Id.*  In *Sultanis v. Champion*

3    *Petfoods USA Inc.*, this Court revisited the question and held that "whether a plaintiff can bring

4    claims on behalf of unnamed plaintiffs under the laws of states in which the named plaintiff does

5    not reside or was injured is a matter of typicality, adequacy, and predominance under Rule 23, not

6    Article III standing."  2021 WL 3373934, at *6 (N.D. Cal. Aug. 3, 2021) (Chen, J.).  The Court

7    explained that "[j]ust because this question does not involve Article III standing does not mean that

8    the Court does not have discretion to conclude at the pleadings stage that [plaintiff] does not satisfy

9    the adequacy, typicality, or predominance requirements on behalf of unnamed plaintiffs in multiple

10   other states where she does not reside or where she did not purchase the Products."  *Id.* at *7.   As

11   in *Phan*, this Court concluded in *Sultanis* that the named plaintiff lacked standing to "represent

12   unnamed class members in states outside of California" but noted that its conclusion was reached

13   "under Rule 23, not Article III."  *Id.* at *8.

14           Here, it is undisputed that Plaintiff is a resident of California, and there are no allegations

15   in the Amended Complaint indicating that she was injured or purchased any sunscreen products

16   outside of California.  Yet, Plaintiff defines the putative class as "[a]ll consumers . . . ***in the United***

17   ***States***."  Am. Compl. ¶ 45 (emphasis added).  Applying this Court's well-reasoned analyses from

18   *Phan* and *Sultanis*, it follows that Plaintiff cannot assert claims under the laws of states outside

19   California or represent unidentified class members in states outside California.  Therefore, the

20   nationwide class claims in the Amended Complaint should be dismissed at this stage.

21                          2.    Claims Under California Law on Behalf of the Nationwide Class Fail.

22           Plaintiff cannot apply California law extraterritorially to a nationwide class.  *Jones*, 400 F.

23   Supp. 3d at 908-09.  Specifically, she cannot assert claims for violations of California's consumer

24   protection laws (Tenth, Eleventh, and Twelfth Causes of Action), fraud (Seventh and Eighth Causes

25   of Action), or breach of warranty (Sixth Cause of Action) on behalf of a nationwide class.

26                          a.    Plaintiff Cannot Assert Nationwide Consumer Protection Claims.

27           By alleging violations of California consumer protection laws on behalf of a nationwide

28   class, Plaintiff essentially seeks to bind putative class members to California law, though they

1   neither reside in California nor purchased or used a Neutrogena® sunscreen product in California.

2   *See Mazza v. Am. Honda Motor Co.*, 666 F. 3d 581, 594 (9th Cir. 2012) (precluding application of

3   California law on a nationwide basis as a matter of law).  Due to the "material differences in state

4   laws, states' interests in applying their own laws, and states' impaired ability to protect consumers

5   within their borders if California law were to apply . . . each plaintiff's individual claims must be

6   governed by the laws of their home state."   *Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at

7   *10 (C.D. Cal. Apr. 10, 2018); *Glenn v. Hyundai Motor Am.*, 2016 WL 3621280, at *10 (C.D. Cal.

8   June 24, 2016) ("differences in scienter, the availability of class actions, the potential remedies, the

9   statute of limitations period, what constitutes actionable conduct, and the burden of proof"

10  prohibited application of California consumer protection laws to non-residents' claims); *Cadena v.*

11  *Am. Honda Motor Co.*, 2019 WL 3059931, at *8 (C.D. Cal. May 29, 2019) (dismissing nationwide

12  class claims because "the other 49 states' consumer protection statutes differ significantly from

13  California's UCL, FAL, and CLRA").  Thus, the nationwide consumer protection claims fail.

14              b.      Plaintiff Cannot Assert Nationwide Fraud Claims.

15              Similarly, the differences in the law for each state's common law fraud claims are

16  numerous, material, and dispositive.  Specifically, there are material differences in (1) the kind or

17  degree of reliance necessary to prove a claim; (2) the statutes of limitation; (3) a defendant's duty

18  to disclose; (4) scienter requirements; (5) the standard of proof; and (6) available damages.  *See*

19  *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *2 (N.D. Cal. Aug. 15, 2016) (conducting analysis

20  of state common law fraud claims and holding that "material variations" preclude application of

21  California's fraud law on a nationwide basis).

22              c.      Plaintiff Cannot Assert Nationwide Breach of Warranty Claims.

23              Further, Plaintiff's attempt to assert nationwide claims for breach of California warranty

24  law fails because California warranty law cannot be applied to a nationwide class.  *Victorino v.*

25  *FCA US LLC*, 326 F.R.D. 282, 297 (S.D. Cal. 2018) (finding that plaintiffs failed to demonstrate

26  that due process would not be violated by application of California warranty law to nationwide

27  class); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (doubting that a nationwide

28  class action is the superior method for adjudicating a breach of warranty claim).  State warranty

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-7-

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

laws vary significantly and, here, preclude certification of a nationwide class.  *See Vinci*, 2018 WL 6136828, at *8 (striking nationwide warranty claims because "there are material differences between California warranty law and all the other states' warranty laws, as to various elements including privity, reliance, notice, etc.").  Pursuing this cause of action under California law on behalf of unknown individuals throughout the United States necessarily fails because Plaintiff cannot allege that the putative class satisfies each element of a warranty claim.

**B.      Plaintiff Lacks Article III Standing Because She Does Not Plausibly Allege a Cognizable Injury That is Fairly Traceable to JJCI.**

Plaintiff fails to plead facts that demonstrate she has standing to bring this action on behalf of herself or the putative class.  Plaintiff must allege and show: "(1) an injury-in-fact that is actual or imminent and concrete and particularized, not conjectural or hypothetical, (2) that is fairly traceable to the defendant's challenged conduct, and (3) is likely to be redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  Plaintiff lacks standing to assert claims on behalf of the putative class because (1) she does not allege that she actually purchased or used any Neutrogena® sunscreen product contaminated with benzene; (2) she cannot assert claims for products she did not purchase; (3) she cannot assert claims for injuries she did not sustain; and (4) vague allegations regarding the products at issue and the overgeneralized link between unidentified injuries and JJCI's alleged conduct is too remote to establish traceability.

1.      Plaintiff Fails to Plead Purchase or Use of a Contaminated Sunscreen.

In order to meet the injury-in-fact element for Article III standing, a plaintiff must "allege an injury to [her]self that is 'distinct and palpable,' as opposed to merely '[a]bstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Ark.*, 495 U.S. 149, 155 (1990) (citations omitted).

Plaintiff does not allege that she actually purchased or used any sunscreen products containing benzene.  *See* Am. Compl. ¶¶ 36, 38.  Instead, Plaintiff's allegations amount to nothing more than mere conjecture that, because she purchased a single Neutrogena® sunscreen product at some unspecified time, and some batches of some Neutrogena® sunscreen products were allegedly found to contain varying levels of benzene according to Valisure's Citizen Petition, Plaintiff ***might***

have purchased sunscreen with benzene.  *See id.* at ¶ 36; *see also id.* at ¶¶ 3, 16, 39, 168 (alleging

that "the Sunscreen *may* contain benzene").  This supposition does not, however, satisfy the injury-

in-fact requirement because it fails to affirmatively allege an injury from those products to Plaintiff,

and it would be mere conjecture to find that a Neutrogena® sunscreen product was the cause of

Plaintiff's AML, particularly where Plaintiff admits that the sunscreen products only "***may***"

contain benzene but does not allege any facts to demonstrate actual exposure to benzene.  "In a

toxic tort case, a plaintiff must first show that he or she was actually exposed to a toxic substance

because '[i]f there has been no exposure, there is no causation.'"  *Avila v. Willits Envtl. Remediation*

*Tr.*, 2009 WL 1813125, at \*4 (N.D. Cal. June 18, 2009) (citing *Ferris v. Gatke Corp.*, 107 Cal.

App. 4th 1211, 1220, n.4 (2003)).  Plaintiff's failure to allege that she purchased or used any

benzene-contaminated Neutrogena® sunscreen product omits a fundamental requirement to

proving that her AML is an injury in fact that she received from JJCI's product.

### 2.   Plaintiff Cannot Allege an Injury from Products She Did Not Purchase.

Plaintiff alleges that she purchased Neutrogena® Ultra Sheer Dry-Touch Water Resistant

Sunscreen Lotion SPF 70 ("Purchased Sunscreen") and "some or all of" other unidentified

sunscreen products.  However, the Purchased Sunscreen is ***not*** the same sunscreen product that was

allegedly purchased by the putative class members ("Unpurchased Sunscreens"), which are also

unidentified.  *Id.* at ¶ 38; *see also id.* at ¶ 39 (admitting that "the specific Sunscreen purchased by

the Plaintiff" is not the same as "the other Sunscreens purchased by the Class").  Thus, Plaintiff

lacks Article III standing to assert claims as to the Unpurchased Sunscreens because she has not

plausibly alleged that she "suffered an injury in fact" with respect to them.  *Lujan*, 504 U.S. at 560.

Courts regularly dismiss class action claims where, as here, plaintiffs allege defects in

products they did not purchase.  *See, e.g.*, *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL

1497096, at \*4 (E.D. Cal. Apr. 19, 2011) (dismissing claims for lack of standing as to unpurchased

product, even though the unpurchased product appeared in the same advertisements as the

purchased product, and plaintiff alleged the same defect); *Herskowitz v. Apple Inc.*, 940 F. Supp.

2d 1131, 1150 (N.D. Cal. 2013) (Chen, J.) (dismissing complaint for "failure to allege facts

sufficient to state a claim and demonstrate standing regarding products they did not purchase").

1    Plaintiff attempts to plead around this fatal defect by alleging that the Purchased Sunscreen
2    and Unpurchased Sunscreens are "substantially similar" because they were all purportedly
3    "marketed and labeled the same way – as 'sunscreen.'" Am. Compl. ¶ 39. But, "[w]hen a complaint
4    fails to adequately allege how products a plaintiff purchased are in fact substantially similar to
5    products that the plaintiff challenges, the Court must dismiss the complaint to the extent it seeks to
6    bring claims on the basis of unpurchased products." *Tabler v. Panera LLC*, 2019 WL 5579529, at
7    *10 (N.D. Cal. Oct. 29, 2019). In *Tabler*, the plaintiff made the same argument as Plaintiff; namely,
8    that "the Whole Grain Bagel" and "other bread products" that the plaintiff purchased were
9    "substantially similar" to the "unspecified other 'bread products'" purchased by the putative class.
10   *Id.* at *9. The court granted the motion to dismiss "to the extent the allegations are based on
11   Products that Plaintiff did not purchase[,]" noting that "[t]he complaint never defines 'bread
12   product,' and in fact, the complaint is wholly devoid of details about any of the 'bread products'
13   that Plaintiff purchased or the Products that Plaintiff seeks to challenge." *Id.* (emphasis removed).
14   Similarly, here, the Amended Complaint does not actually define "Sunscreens" and lacks
15   any details about the "Sunscreens" that the putative class members allegedly purchased. Plaintiff
16   highlights 23 Neutrogena® sunscreen product batches that were, according to Valisure, allegedly
17   found to have concentrations of benzene between 0.1 and 2.0 parts per million ("ppm") and over
18   2.0 ppm (Am. Compl. ¶¶ 13-14), but alleges that she purchased only a single Neutrogena®
19   sunscreen product. And although she identifies the name of that single product, she never identifies
20   when, where, or how many times she purchased the product, the batch or lot numbers for the
21   product, or provide any other identifying information about the product that would demonstrate
22   whether the Purchased Sunscreen is substantially similar to the Unpurchased Sunscreens. *Id.* at
23   ¶ 38. Further, while Plaintiff alleges that the putative class action is brought on behalf of "users of
24   certain sunscreen products manufactured, marketed, distributed, and sold by [JJCI] under the brand
25   name 'Neutrogena'" (*id.* at ¶ 4), she also broadly identifies the products at issue in the "Class"
26   definition as "any lotion or spray Sunscreen manufactured by [JJCI] or its subsidiaries" (*id.* at
27   ¶ 45). Despite these allegations, and just like the *Tabler* plaintiff, Plaintiff does not identify the
28   Unpurchased Sunscreens, and the Amended Complaint is "wholly devoid of details" about them.

Moreover, the mere fact that the Purchased Sunscreen and the Unpurchased Sunscreens both fall within the broad category of "sunscreen" is not a sufficient basis to find that they are all substantially similar for purposes of a standing analysis.

### 3.   Plaintiff Cannot Assert Claims for Injuries That She Did Not Sustain.

It is well settled that "named plaintiffs . . . must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class." *Lewis v. Casey*, 518 U.S. 343, 357 (1996).  While Plaintiff alleges that she developed AML, she asserts only that unnamed individuals in the putative class were "harmed and suffered personal injuries" and that they developed AML or other, unspecified "forms of cancer."  Am. Compl. ¶¶ 35-36.  Although Plaintiff may assert a claim for her own personal injuries (*i.e.*, relating to her development of AML, as alleged in the Amended Complaint) in an individual capacity (*i.e.*, not as a consumer class representative), she cannot convolute her individual claim into a class action where she has failed to identify any actual injuries purportedly experienced by the putative class members.  Plaintiff contends that the putative class members experienced broad "harm" and "personal injuries" and developed "other forms of cancer."  *Id.*  However, she fails to demonstrate that these are injuries that she personally sustained, rather than injuries sustained only by "other, unidentified members of the class."  *Senne v. Kansas City Royals Baseball Corp.*, 114 F. Supp. 3d 906, 910 (N.D. Cal. 2015) (citations and quotations omitted)).  Accordingly, Plaintiff lacks standing to assert such claims on behalf of the putative class.

### 4.   Plaintiff Fails to Allege Injuries Traceable to JJCI.

Even if Plaintiff were able to allege a cognizable injury incurred by the putative class, she does not and cannot trace any such injury to JJCI's conduct.  First, and fatal to the standing inquiry, Plaintiff does not allege that she purchased or used any sunscreen products containing benzene.  *See* Am. Compl. ¶¶ 36, 38.  Moreover, Plaintiff does not identify the specific sunscreen product(s) that allegedly caused her to develop AML; rather, she only broadly asserts, "[u]pon information and belief," that her "use of the Sunscreen products was the sole cause or a substantial factor in causing her cancer" without identifying ***which*** products she allegedly used.  *Id.* at ¶ 54.

As to the putative class, Plaintiff provides even less detail, asserting generally that the class

-11-

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

members "purchased any lotion or spray Sunscreen manufactured by [JJCI] or its subsidiaries . . . for personal use or consumption and suffered personal injury as a result[,]" but accompanied by varying, potentially conflicting allegations.  *Id.* at ¶ 45; *see also id.* at ¶¶ 13-14 (highlighting 23 different products tested by Valisure without defining the "Sunscreen products" at issue); *id.* at ¶ 4 (bringing putative class action on behalf of users of "certain sunscreen products manufactured, marketed, distributed, and sold by [JJCI] under the brand name "Neutrogena").  The attempted link between the putative class members' use of the unidentified "Sunscreen products" allegedly sold by JJCI and the unspecified "physical harm they have suffered" (*see, e.g.*, *id.* at  ¶ 130) is confusing and tenuous at best, and does not plausibly allege a causal chain necessary for standing.  *See Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1053, n.3 (N.D. Cal. 2015) (Chen, J.).

> **C.**     **Plaintiff Lacks Standing to Pursue Injunctive Relief.**

Plaintiff seeks to enjoin JJCI from selling "the Sunscreens," and requests injunctive relief that the Court deems proper.  This request must be dismissed because (1) Plaintiff has not alleged that she will suffer any future harm; and (2) Plaintiff has an adequate remedy at law.

> 1.     <u>Plaintiff Has Not Alleged That She Will Suffer Any Future Harm.</u>

To establish standing to seek injunctive relief, a plaintiff must "'demonstrate that [he or she] suffered or [are] threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that [they] will again be wronged in a similar way.'" *Joslin v. Clif Bar & Co.*, 2019 WL 5690632, at *2 (N.D. Cal. Aug. 26, 2019) (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)).

Specifically, Plaintiff's requested injunctive relief—that JJCI no longer sell the unidentified sunscreen products—would do nothing to redress her alleged injuries.  Plaintiff does not allege that she intends to purchase a JJCI sunscreen product in the future or even has any desire to do so.  To the contrary, Plaintiff states that "[h]ad [she and members of the putative Class] known and understood the true nature and quality of the Sunscreens, Plaintiff and other members of the putative Class would not have purchased the Sunscreens."  *See, e.g.*, Am. Compl. ¶ 153; *see also Deitz v. Comcast Corp.*, 2006 WL 3782902, at *3 (N.D. Cal. Dec. 21, 2006) (finding that plaintiff had no standing to pursue injunctive relief against defendant cable provider where there was no allegation

1   that he would subscribe to the provider in the future); *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d

2   992, 997 (N.D. Cal. 2007) (dismissing for lack of standing to pursue injunctive relief because "any

3   injury allegedly suffered as a result of Defendant's conduct appears to lie solely in the past").

4   Because Plaintiff has not alleged that she purchased a sunscreen product that contained benzene,

5   Plaintiff has not alleged that she has a present injury—much less that she is at risk of experiencing

6   a "real and immediate threat of repeated injury." *Joslin*, 2019 WL 5690632, at *2.  Further, injuries

7   to putative, unnamed class members do not confer standing on the named plaintiff.  *Hodgers-*

8   *Durgin v. de la Vina*, 199 F. 3d 1037, 1045 (9th Cir. 1999).

9               2.      Equitable Relief Is Improper Where an Adequate Remedy at Law Exists.

10          Plaintiff's request for injunctive relief must also be dismissed because Plaintiff has an

11  adequate remedy at law.  Numerous courts have barred California consumer protection claims

12  seeking equitable relief at the motion to dismiss stage where, as here, "plaintiffs have alleged other

13  claims presenting an adequate remedy at law." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203

14  (N.D. Cal. 2017); *Mandani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 65286, at *7 (N.D. Cal.

15  2019) (dismissing without leave to amend CLRA and UCL claims seeking equitable relief where

16  plaintiff had an adequate remedy at law); *Falk v. Nissan N. Am., Inc.*, 2018 WL 2234303, at *9-10

17  (N.D. Cal. May 16, 2018) (barring plaintiffs "from seeking equitable relief" because they "pled

18  claims that provide for damages").  Here, Plaintiff asserts causes of action for product liability,

19  breach of warranty, and fraud-based claims, which, if proven, would provide Plaintiff with adequate

20  legal remedies.  Therefore, her request for injunctive relief should be dismissed.

21  **V.      PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW.**

22          **A.      Plaintiff Fails to Allege a Cognizable Injury and Therefore Cannot Establish**

23                  **an Essential Element of Each Cause of Action.**

24          Each cause of action in the Amended Complaint fails for the same reason that Plaintiff lacks

25  standing—Plaintiff has not alleged a legally cognizable injury.  Injury or damage is an essential

26  element of each of Plaintiff's claims.  *See Cisco Sys., Inc. v. STMicroelecs., Inc.*, 77 F. Supp. 3d

27  887, 895 (N.D. Cal. 2014) (damages is a required element of a cognizable claim for negligence);

28  *Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 994 (Cal. 1991) (the doctrine of strict

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1    liability requires "injury to a human being"); *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965,

2    1006-07 (1993) (medical monitoring "is an item of damage"); *Blennis v. Hewlett-Packard Co.*,

3    2008 WL 818526, at *2 (N.D. Cal. Mar. 25, 2008) (a warranty claim requires "injury to the

4    plaintiff"); *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997) (a claim for

5    intentional misrepresentation/actual fraud requires "resulting damage"); *Fox v. Pollack*, 181 Cal.

6    App. 3d 954, 962 (1986) (a required element of a claim for negligent misrepresentation is

7    "damages"); Cal. Bus. & Prof. §§ 17204, 17535 (requiring "injury in fact" and loss of "money or

8    property as a result of" violations of the UCL and FAL); Cal. Civ. Code §1780(a)(1) (requiring

9    "[a]ctual damages" for violations of the CLRA); *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583,

10   1593 (2008) (an unjust enrichment claim requires defendant's unjust enrichment at plaintiff's

11   expense).  As such, (1) all of Plaintiff's state law claims on behalf of the putative class fail for lack

12   of standing; and (2) both Plaintiff's putative class claims *and* individual personal injury claims fail

13   because Plaintiff has not established an essential element of each claim.

14        **B.    Plaintiff's Claims for Fraud (Seventh and Eighth Causes of Action) Fail to**

15        **Meet the Requisite Heightened Pleading Standard.**

16        Plaintiff alleges "Fraud – Intentional Misrepresentation" and "Fraud – Concealment."  Am.

17   Compl. ¶¶ 111-132.  Both of Plaintiff's fraud claims fail because they do not meet the heightened

18   pleading standard of Rule 9(b).  Although Plaintiff asserts separate causes of action, they require

19   proof of the same elements, and intentional misrepresentation and concealment are both bases for

20   fraud.  *See Ach v. Finkelstein*, 264 Cal. App. 2d 667, 674 (1968).  Fraud is defined as "intentional

21   misrepresentation, deceit, or concealment of a material fact known to the defendant with the

22   intention on the part of the defendant of thereby depriving a person of property or legal rights or

23   otherwise causing injury."  Cal. Civ. Code § 3294(c)(3). Intentional misrepresentation requires (1)

24   misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity

25   (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting

26   damages.  *Deloitte & Touche*, 56 Cal. App. 4th at 1471.

27        Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud

28   or mistake."  Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), a pleading must identify the "who, what,

1   when, where, and how of the misconduct charged, as well as what is false or misleading about the

2   purportedly fraudulent statement, and why it is false." *Grodzitsky v. Am. Honda Motor Co.*, 2013

3   WL 690822, at *4 (C.D. Cal. Feb. 19, 2013) (dismissing fraud-based claims in putative class action

4   for failure to comply with Rule 9(b)); *see also Stearns*, 763 F. Supp. 2d 1128 at 1159 (citing

5   *Stickrath*, 527 F. Supp. 2d at 998).   Additionally, where the fraud claim is against a corporate

6   defendant, as here, a plaintiff has an even more stringent burden of pleading and must specifically

7   allege five elements: "(1) the names of the persons who made the representations, (2) their authority

8   to speak for the corporation, (3) to whom they spoke, (4) what was said or written, and (5) when it

9   was said or written." *Lazar v. Sup. Ct.*, 12 Cal. 4th 631, 645 (1996); *Aguirre v. Wells Fargo Bank,*

10   *N.A.*, 2015 WL 4065245, at *3 (C.D. Cal. July 2, 2015).   None of these elements are alleged here.

11          The Amended Complaint lacks factual allegations of the circumstances of any purported

12   misrepresentations or omissions by JJCI with the particularity required by Rule 9(b).   The theory

13   of liability underlying all of Plaintiff's claims is that JJCI allegedly "fail[ed] to prevent the presence

14   of benzene in the Sunscreens," made "affirmative misrepresentations that portray the Sunscreens

15   as safe," and "omitt[ed] from the Sunscreens' packaging and marketing materials information about

16   the actual danger of the Sunscreens." Am. Compl. ¶ 33.   Despite these broad claims, Plaintiff does

17   not provide any factual support with the specificity required by Rule 9(b).

18          For example, Plaintiff takes issue with the phrase "#1 Dermatologist Recommended" on the

19   "packaging for the Sunscreens, as well Neutrogena's website" solely because the "basis for this

20   representation" is not also included on the packaging or website.   *Id.* at ¶ 27.   Yet, Plaintiff does

21   not dispute the veracity of the representation, nor does she explain how this could constitute a false

22   or misleading statement—other than her perceived belief that it "aims to portray the product as safe

23   and healthy." *Id.*   Plaintiff then highlights the use of the word "clean" on the product label of a

24   Neutrogena® sunscreen product that she claims to have used—without identifying the

25   circumstances surrounding this representation (*e.g.*, when she purchased or used the product, where

26   she obtained it, and how frequently she used it).   The label states: "lightweight clean feel." *Id.* at

27   ¶¶ 29-30.   Plaintiff contends that the use of the word "clean" was intended to associate it with the

28   Neutrogena® Ultra Sheer product line.   In doing so, Plaintiff simply convolutes the meaning of the

term "clean" in this context because she does not dispute the actual representation itself (*i.e.*, that this particular product provides a "lightweight clean feel"), nor does she identify an actual misrepresentation or specify the circumstances surrounding any alleged misrepresentation.

Rule 9(b) also requires a plaintiff to allege "how the defendant obtained knowledge of the specific defect prior to the plaintiff's purchase of the defective product." *Stewart*, 304 F. Supp. 3d at 908 (citation omitted) (emphasis removed).  In *Stewart*, the court found that the plaintiffs had failed to sufficiently allege how the defendant manufacturer would have been aware of customer complaints on a consumer affairs website or that "complaints or defects were reported to [defendant] during the period before Plaintiffs purchased the [product]." *Id.* at 908-09 ("[I]n cases where plaintiffs provided only conclusory allegations that the defendant [] had access to information about the defect or was in a 'superior position to know the truth about the [product],' the claims were deemed deficient.").

Here, Plaintiff does not identify how JJCI purportedly obtained knowledge of the alleged defect, nor does she allege when she actually purchased any sunscreen products such that she could demonstrate reliance on any alleged misrepresentations.  Plaintiff makes sweeping assertions that JJCI "knew or reasonably should have known that the products were dangerous" and that JJCI "was aware of this danger and defect both before and after the Sunscreen products were sold[,]" but provides no facts whatsoever to support how or when JJCI obtained this purported knowledge.  Am. Compl. ¶¶ 74-75.  The Amended Complaint indicates that the Neutrogena® website was last visited on September 17, 2021 (*id.* at  ¶ 28), but Plaintiff makes no effort to identify when she first saw these alleged misrepresentations.  Rule 9(b) requires Plaintiff to allege how JJCI obtained knowledge about the purported defect ***before*** Plaintiff purchased the allegedly defective product. *See Stewart*, 304 F. Supp. 3d at 908 (citation omitted).  Thus, Plaintiff has not plausibly alleged that JJCI had actual knowledge of the alleged defect in sunscreen products, let alone that it had any such knowledge before Plaintiff allegedly purchased a sunscreen product.

Finally, for the same reasons that Plaintiff has not adequately alleged the circumstances of—or even identified—any purported misrepresentations, she likewise does not plausibly allege reliance. *See id.* at 910 (finding plaintiffs' "actual reliance allegations . . . inadequate because they

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-16-

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1   fail to explain what marketing materials, statements, or representations they' relied upon").

2   Plaintiff cannot meet the heightened pleading standard of Rule 9(b) because she fails to identify

3   what and when any alleged misrepresentation or concealment was made, when Plaintiff allegedly

4   purchased sunscreen products, or that she relied on any such misrepresentation or concealment

5   required to adequately allege her consumer protection claims.

6          **C.**      **Plaintiff Does Not Plausibly State Claims for Negligent Misrepresentation**

7                  **(Ninth Cause of Action).**

8          A claim for negligent misrepresentation under California law requires a showing of:

9   (1) "misrepresentation of a past or existing material fact, (2) without reasonable ground for

10   believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4)

11   ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was

12   directed, and (5) resulting damages. *Ghalehtak v. Fay Serv., LLC*, 304 F. Supp. 3d 877, 888 (N.D.

13   Cal. 2018) (Chen, J.) (citation omitted). "[U]nlike fraud, negligent misrepresentation requires a

14   positive assertion to show a misrepresentation of a material fact; an omission or an implied assertion

15   will not suffice." *Id.* at 888-89. "Although negligent misrepresentation does not inherently sound

16   in fraud," a negligent misrepresentation claim is subject to the heightened pleading standards of

17   Rule 9(b) if the plaintiff alleges a "unified fraudulent course of conduct" in support of the claim.

18   *Id.* at 889; *see also Romo v. Wells Fargo Bank, N.A.*, 2016 WL 3523779, at *3 (N.D. Cal. June 28,

19   2016) (Chen, J.) (applying same fraud analysis for plaintiff's negligent misrepresentation and fraud

20   claims because they were "based on the same underlying facts").

21          Plaintiff's negligent misrepresentation claims are based on the same allegations as her

22   intentional misrepresentation claims: (1) JJCI allegedly misrepresented that "the Sunscreen

23   products were safe" (Am. Compl. ¶¶ 114-115 (fraud); *id.* at ¶¶ 135-136 (negligent

24   misrepresentation)); (2) JJCI intended that consumers believe and rely on the representation (*id.* at

25   ¶ 116 (fraud); *id.* at ¶ 138 (negligent misrepresentation)); (3) Plaintiff and the putative class

26   members "reasonably relied" on the representation (*id.* at ¶ 117 (fraud); *id.* at ¶ 139 (negligent

27   misrepresentation)); and (4) Plaintiff and the putative class members would not have used the

28   "Sunscreen products had they known the truth about the dangers and risks posed by the Sunscreen

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1    products" (*id.* at ¶ 120 (fraud); *id.* at ¶ 140 (negligent misrepresentation)).  Because Plaintiff's

2    negligent misrepresentation claims are based on the same allegations as her fraud claims, they are

3    also subject to Rule 9(b)'s heightened pleading standard.  *Romo*, 2016 WL 3523779, at *3.  As set

4    forth above, *supra* Section V.B, Plaintiff fails to allege, with particularity or otherwise, the

5    circumstances surrounding the alleged misrepresentations or omissions that form the basis of her

6    fraud and fraud-based claims; therefore, the negligent misrepresentation cause of action fails.

7           **D.**      **Plaintiff's Consumer Protection Claims Under the UCL, FAL, and CLRA**

8                  **(Tenth, Eleventh, and Twelfth Causes of Action) Fail as a Matter of Law.**

9         Plaintiff does not allege plausible facts supporting the alleged violations of California's

10   UCL, FAL, and CLRA.  As an initial matter, Plaintiff fails to meet the statutory preconditions

11   required to bring claims under the UCL and FAL, and does not sufficiently allege actual damages

12   from purchasing and using Neutrogena® sunscreen products as required by the CLRA.  Like the

13   requirements for Article III standing, the UCL and FAL require Plaintiff to allege an "injury in

14   fact," but also "loss of money or property as a result of" the alleged violation.  *Kwikset Corp. v.*

15   *Sup. Ct.*, 51 Cal. 4th 310, 321-22 (2011) (quoting Cal. Bus. & Prof. Code §§ 17204, 17535) (holding

16   that the UCL and FAL standing requirements are identical).  Similarly, the CLRA requires Plaintiff

17   to allege actual damages caused by JJCI's alleged misconduct.  *See* Cal. Civ. Code § 1780(a); *see*

18   *also Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 156 (2010).

19         As discussed above, *supra* Section IV.B.1-3, Plaintiff has failed to plausibly allege "injury

20   in fact" (UCL and FAL) or actual damages (CLRA).  *See Otto v. Abbott Labs. Inc.*, 2014 WL

21   12591475, at *3 (C.D. Cal. Apr. 22, 2014) ("The drafters of the UCL and FAL's standing provision

22   expressly established that the "injury in fact" requirement is to be interpreted the same was as in

23   Article III.").  As to "loss of money or property as a result of" alleged violations of the UCL and

24   FAL, this provision "has been interpreted to require some form of economic injury."  *Id.* at *3

25   (citation omitted).  As the California Supreme Court has explained, the UCL and FAL's standing

26   requirement is "'substantially narrower than federal standing under article III" because "economic

27   injury is 'but one among many types of injury in fact[.]'"  *Id.*  Although there are "innumerable

28   ways in which economic injury from unfair competition may be shown," the Amended Complaint

-18-

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

is devoid of allegations demonstrating even one.   Plaintiff makes a vague, passing reference to economic damages in her request for medical monitoring as a means to "compensate Plaintiff and members of the putative Class for their economic damages."  Am. Compl. ¶ 103.  While Plaintiff asserts that she and the putative class "would not have purchased the Sunscreens" if they had "known and understood the true nature and quality of the Sunscreens[,]" Plaintiff does ***not*** allege that the unidentified "Sunscreens" were contaminated or defective, nor does she allege that they did not function as intended such that she did not receive the "benefit of the bargain."

Plaintiff also fails to demonstrate that she complied with the CLRA's pre-litigation notice requirements.  Cal. Civ. Code § 1782(a)(1).  Plaintiff does not plead she attempted to notify JJCI, "in writing" of "the particular alleged violations of § 1770, and demand that [JJCI] correct, repair, replace, or otherwise rectify the goods or services alleged to violate § 1770."  *Kellholtz v. Sup. Fireplace Co.*, 2009 WL 839076, at *2 (N.D. Cal. Mar. 30, 2009).  As compliance with the CLRA's notice requirement "is necessary to state a claim," Plaintiff's failure to assert any allegations demonstrating such compliance dooms her claims under the CLRA.  *Id.* (citation omitted).

Moreover, Plaintiff's consumer protection claims expressly rely on allegations that sound in fraud.  *See, e.g.*, Am. Compl. ¶¶ 149, 151, 152, 158, 162, 168, 169, 170.  Thus, Plaintiff must satisfy not only Rule 9(b)'s heightened pleading standard, but also allege actual knowledge of falsity, as required for common law fraud.  *See Neu v. Terminix Int'l, Inc.*, 2008 WL 962096, at *5-6 (N.D. Cal. Apr. 8, 2008) (stating Rule 9(b) applies to UCL, FAL, and CLRA claims that sound in fraud); *see also Swearingen v. Late July Snacks LLC*, 2017 WL 4641896, at *2 (N.D. Cal. Oct. 16, 2017) (Chen, J.) (noting that the phrase under the UCL "as a result of" is defined as 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation" because "reliance is the causal mechanism of fraud" (citation omitted)).

In addition to actual knowledge, a plaintiff asserting claims under the CLRA and UCL based on allegedly misleading advertising or labeling must allege "'the particular circumstances surrounding [the] representations' at issue."  *Watkins v. MGA Entm't, Inc.*, 2021 WL 5865529, at *13 (N.D. Cal. Dec. 10, 2021).  Plaintiff must "allege specific facts showing that they relied on the alleged misrepresentations or omissions."  *Id.* at *14 (citation omitted).  Similarly, a claim under

-19-

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1    the FAL requires the plaintiff to demonstrate that he or she "suffered an injury due to his or her

2    own actual and reasonable reliance on the purported misleading statements." *Clorox Co. v. Reckitt*

3    *Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 646 (N.D. Cal. 2019).

4         All of Plaintiff's consumer protection claims require Plaintiff to plead, with specificity,

5    (1) the circumstances surrounding the alleged misrepresentations or misleading statements; (2)

6    actual knowledge of falsity by JJCI; and (3) reliance by Plaintiff on the alleged misrepresentations

7    or misleading statements.  As set forth above, *supra* Section V.B, Plaintiff's consumer protection

8    claims fail to meet the heightened pleading standard of Rule 9(b) for the same reasons that her fraud

9    claims fail, and should therefore be dismissed.

10        **E.    The Medical Monitoring Claims (Fifth Cause of Action) Should Be Dismissed**

11               **Because All Underlying Tort Claims Fail, and Plaintiff Fails to Establish**

12               **Necessary and Reasonableness to Warrant Medical Monitoring Damages.**

13        Courts in this District follow the holding of *Potter v. Firestone Tire & Rubber Co.,* which

14   found that medical monitoring damages are ***only*** available "when liability is established under

15   traditional tort theories of recovery" and "***only*** if the evidence establishes the necessity, as a direct

16   consequence of the exposure in issue, for specific monitoring beyond that which an individual

17   should pursue as a matter of general good sense and foresight." *Potter*, 6 Cal. 4th at 1007 (citation

18   omitted) (emphasis added); *see also Riva*, 82 F. Supp. 3d at 1057 (applying *Potter*).

19        Plaintiff fails to establish the necessity or reasonableness of the medical monitoring she

20   seeks on behalf of the putative class.  To recover medical monitoring damages, Plaintiff must

21   demonstrate "both that the need for future monitoring is a 'reasonably certain consequence' of toxic

22   exposure and that the monitoring sought is 'reasonable.'" *Lockheed Martin Corp. v. Super. Ct.,* 29

23   Cal. 4th 1096, 1107 (2003) (citing *Potter,* 6 Cal. 6th at 1009).  The California Supreme Court

24   identified five factors in determining the reasonableness and necessity of monitoring:

25           (1) the significance and extent of the plaintiff's exposure to chemicals; (2) the
             toxicity of the chemicals; (3) the relative increase in the chance of onset of disease
26           in the exposed plaintiff as a result of the exposure when compared to (a) the
             plaintiff's chances of developing the disease had he or she not been exposed, and
27           (b) the chances of the members of the public at large of developing the disease; (4)
             the seriousness of the disease for which the plaintiff is at risk; and (5) the clinical
28           value of early detection and diagnosis.

-20-

1   *Potter*, 6 Cal. 6th at 1009.  Considering the factors in turn, Plaintiff fails at each step.  First, Plaintiff

2   has not pled any facts establishing her exposure to benzene—*e.g.*, that she **actually** purchased or

3   used any sunscreen products containing benzene, or any facts regarding the amount of sunscreen

4   products she allegedly used, the duration of that use, or frequency of such use.  Courts have held

5   that mere evidence of exposure, without demonstrating sufficient severity of exposure, is not

6   enough.  *Riva,* 82 F. Supp. 3d at 1057 (citation omitted).  Plaintiff does not plead or offer evidence

7   of **any** exposure, let alone of "sufficient severity."  *Id.*  Nor could she possibly plead such facts as

8   to any unnamed, unidentified putative class member.  *See* Am. Compl. ¶ 45.

9       Further, while Plaintiff contends that benzene is a "known human carcinogen" and cites

10   sources that she purports establish a connection between benzene exposure and certain adverse

11   health conditions, Plaintiff fails to establish that any benzene in sunscreen products is toxic.

12   Instead, Plaintiff simply alleges that **some** batches of sunscreen products "**may** contain dangerous

13   levels of benzene" while failing to establish exposure to **any** toxic level of benzene.  *Id.* at ¶ 152

14   (emphasis added); *see also Riva*, 82 F. Supp. at 1060.

15       Even accepting Plaintiff's assertions as to the toxicity of benzene generally as true, Plaintiff

16   still has not adequately pled her theory of injury—that is, "an increased risk of contracting latent

17   illness and disease, including but not limited to cancer"—from benzene in sunscreen products.  The

18   Amended Complaint references the many sources of potential benzene exposure, including through

19   occupational exposures and cigarette smoke, which are unrelated to sunscreen products.  *See, e.g.*,

20   Am. Compl. ¶ 9 (citing an American Cancer Society study regarding increased rate of AML found

21   in workers exposed to high levels of benzene in chemical, shoemaking, and oil refining industries).

22   Under California law, "causation [for personal injury claims] must be proven within a reasonable

23   medical probability based upon competent expert testimony."  *Riva*, 82 F. Supp. 3d at 1061 (citing

24   *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 402-03 (1985), for the proposition that the

25   mere possibility of causing cancer alone is insufficient and that a "possible cause" of an injury only

26   becomes "probable when, in the absence of other reasonable causal explanations, it becomes more

27   likely than not that the injury was a result of its action").  Here, Plaintiff provides nothing more

28   than speculation that benzene in various unidentified sunscreen products placed the putative class

-21-

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1 at an "increased risk of contracting" unspecified latent illnesses—which "fails to create a credible

2 inference of harm sufficient to warrant" medical monitoring damages.  *Id.* at 1059.

3       Finally, while Plaintiff states that monitoring procedures for cancer exist, she fails to "show

4 a need for 'specific monitoring beyond that which an individual should pursue as a matter of general

5 good sense and foresight.'"  *Riva*, 82 F. Supp. 3d at 1061 (citing *Potter*, 6 Cal. 6th at 1009).  She

6 also fails to identify any specific type of recommended monitoring, and appears to suggest that

7 monitoring for any and all "cancer and other illnesses" associated with exposure to any "chemicals,

8 toxins and particulates" would be reasonable here.  However, there is simply no evidence (or

9 plausible allegation) of an increased risk of any "cancer or other illness" from potential exposure

10 to benzene that may allegedly be contained in some sunscreen products.

11       Plaintiff has failed to establish that the alleged risk of "latent illness and disease, including

12 but not limited to cancer" is credible and substantial such that medical monitoring of unspecified

13 injuries would be warranted.  Rather, the claims should be dismissed because Plaintiff has

14 "effectively invited the Court to engage in an 'ingenious academic exercise in the conceivable to

15 explain how defendants' actions caused [her] injury.'"  *Id.* at 1053 (citation omitted).

16     **F.**    **Plaintiff's Breach of Warranty Claims (Sixth Cause of Action) Also Fail.**

17       Plaintiff fails to plausibly state claims for breach of warranty.  To plead such a claim, the

18 buyer must allege that the seller: (1) made an affirmation of fact or promise or provided a

19 description of its goods; (2) the promise or description formed a part of the basis of the bargain;

20 (3) the express warranty was breached; and the (4) the breach caused injury to the plaintiff.  *Blennis*

21 *v. Hewlett-Packard Co.*, 2008 WL 818526, at *2 (N.D. Cal. Mar. 25, 2008) (citation omitted).

22       Plaintiff does not plausibly state warranty claims for several reasons.  First, Plaintiff does

23 not specify "the exact terms of the warranty."  *Bem v. Stryker Corp.*, 2015 WL 6089819, at *2

24 (N.D. Cal. Oct. 16, 2015).  In *Bem*, the Court found that the plaintiff "failed to plead the specific

25 language allegedly used by [defendant] to create the express warranty."  *Id.*  It reasoned that

26 allegations that the defendant "falsely represented to [p]laintiff that the [product] was a safe and

27 effective option to his care and treatment" did not specify the terms of the warranty.  *Id.*  Likewise,

28 in *Smith v. LG Electronics U.S.A., Inc.*, the Court found that statements that washing machines

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

"'were designed and manufactured for years of dependable service,'" and "were safe for residential use and fit [for] everyday laundering needs" were insufficient because "vague statements regarding reliability, dependability, and safety are not actionable express warranties." 2014 WL 989742, at *5 (N.D. Cal. Mar. 11, 2014).

Here, Plaintiff broadly claims that "[w]hen purchasing the Sunscreen, Plaintiff reviewed the accompanying labels and disclosures, and understood them as representations and warranties . . . that the Sunscreen was properly manufactured, free from defects, and safe for its intended use." Am. Compl. ¶ 38. She further alleges that JJCI "represented, either by words or actions, that the Sunscreen products were safe." *Id.* at ¶ 105. However, she does not identify those specific "words or actions," relying instead on vague assertions of "representations and warranties" that the products were non-defective and safe—similar to the statements that courts in this District have already found do not create actionable express warranties—none of which identify the actual terms of the alleged warranties or pass Rule 8 muster.

Additionally, "privity of contract is required" in a breach of express warranty claim. *Bem*, 2015 WL 6089819, at *2 (citation omitted) (finding that plaintiff "failed to allege any facts to show any [] privity existed between himself and [defendant]"). Plaintiff alleges no facts whatsoever to establish privity between herself and JJCI. Rather, she makes generalized allegations that "Plaintiff and members of the putative Class purchased [Sunscreens] from [JJCI]," but nowhere in the Amended Complaint does she provide any facts to support that she or any putative class member actually purchased sunscreen products from JJCI. Am. Compl. ¶¶ 36, 38, 160. Without such factual allegations, Plaintiff's warranty claims also fail for lack of privity.

Moreover, despite reciting the remaining elements of a warranty claim (*i.e.*, a promise or description forming the basis of the bargain, breach, injury), Plaintiff provides no factual allegations to establish each of these elements. Without factual allegations identifying the actual products at issue—which were purportedly the subject of the alleged warranties— or that she relied on any such warranties, Plaintiff has not pled facts to demonstrate a breach of any express warranty, or a legally cognizable injury allegedly resulting from any such breach.

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1

2

### G.      Plaintiff's Unjust Enrichment Claims (Fourteenth Cause of Action) Should Be Dismissed Because an Adequate Remedy at Law Is Available.

3       Plaintiff has not established that there is no adequate remedy at law available; rather, these

4    claims are duplicative of Plaintiff's legal claims.  *See Phillips v. Ford Motor Co.*, 2015 WL

5    4111448, at *16 (N.D. Cal. July 7, 2015) (dismissing unjust enrichment claim because "[a] plaintiff

6    seeking equitable relief in California must establish that there is no adequate remedy at law

7    available" and plaintiff did not); *see also Shum v. Intel Corp.*, 630 F. Supp. 2d 1063, 1073 (N.D.

8    Cal. 2009) ("There is little doubt that unjust enrichment is an equitable claim.").  For the reasons

9    set forth above, *supra* Section IV.C.2, Plaintiff has not established that no adequate remedy at law

10   exists, and therefore, her unjust enrichment claims also fail.

11      ### H.      Plaintiff Alleges No Plausible Facts To Support Her Punitive Damages Request.

12       Plaintiff's prayer for punitive damages should be dismissed because it is unsupported by

13   factual allegations demonstrating any malice, oppression, or fraud by JJCI.  For a plaintiff to

14   plausibly plead a claim for punitive damages, there must be a reasonable inference that the

15   defendant acted knowingly or intentionally in oppressing, defrauding, and acting with malice

16   towards Plaintiff.  *See Iqbal*, 556 U.S. at 678 (requiring a plausibly pled complaint to demonstrate

17   reasonable inference that defendant is liable for the alleged misconduct); Cal. Civ. Code § 3294(a);

18   *see also Bouncing Angels, Inc. v. Burlington Ins. Co.*, 2017 WL 1294004, at *2 (C.D. Cal. Mar. 20,

19   2017) (dismissing punitive damages claim because plaintiff "failed to plead sufficient facts to

20   support a finding of malice, fraud or oppression"); *Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d

21   970, 973-76 (9th Cir. 2010); *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146-48 (E.D.

22   Cal. 2010) (holding that, when a plaintiff makes a claim for punitive damages but provides no facts

23   to support such a claim, dismissal of the claim under Rule 12(b)(6) is proper).

24       Malice is defined as "conduct which is intended by the defendant to cause injury to the

25   plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious

26   disregard of the rights or safety of others."  Cal. Civ. Code § 3294(c)(1).  Despicable conduct is

27   that which is so "base, vile or contemptible" that it would be despised and looked down upon by

28   ordinary people.  *Angie M. v. Sup. Ct.*, 37 Cal. App. 4th 1217, 1228 (1995).  While oppression is

-24-

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC

1   defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious

2   disregard of that person's rights," the standard of adequate pleading of malicious conduct also

3   applies to pleading of oppressive conduct. *Smith v. Sup. Ct.*, 10 Cal. App. 4th 1033, 1041 (1992).

4   Thus, a plaintiff must plausibly allege that defendants' conduct was either (1) intended to cause

5   damages to plaintiff, or (2) that the alleged conduct was so "base, vile or contemptible" that it would

6   be despised and looked down upon by ordinary people. *Angie M.*, 37 Cal. App. 4th at 1228.

7        However, allegations of a willful act do not amount to pleading that a defendant acted with

8   the requisite wrongful specific intent to injure or in conscious disregard of a plaintiff's rights. *See*

9   *Kisesky v. Carpenters' Trust for So. Cal.*, 144 Cal. App. 3d 222, 234 (1983).  Plaintiff bases her

10   claim for punitive damages on her unsupported assertion that JJCI somehow acted intentionally or

11   willfully.  She does not provide any specificity or factual allegations of conduct that could qualify

12   as "base, vile or contemptible" conduct sufficient to warrant an award of punitive damages.  Indeed,

13   Plaintiff's prayer for punitive damages cannot withstand a motion to dismiss when the Amended

14   Complaint fails to even allege that Plaintiff purchased or used any Neutrogena® sunscreen product

15   contaminated with benzene.  Accordingly, the request for punitive damages should be dismissed.

16   **VI.    <u>CONCLUSION</u>**

17        For the foregoing reasons, JJCI respectfully requests that this Court dismiss Plaintiff's

18   Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and

19   12(b)(6).

20   Dated:  December 20, 2021                **BARNES & THORNBURG LLP**

21

22

23   By:   */s/ Sandra M. Ko*
          James F. Murdica

24          Sandra M. Ko
          Attorneys for Defendant

25          JOHNSON & JOHNSON CONSUMER
          INC.

26

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-25-
DEFENDANT JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-07742-EMC